# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 18, 2019

```
* * * * * * * * * * * * *   *
AMY WYLLIS, next friend of      *
R.S., a minor,                  *        UNPUBLISHED
                                *
           Petitioner,          *        No. 11-764V
                                *        Special Master Gowen
v.                              *
                                *        Attorneys' Fees and Costs
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
           Respondent.          *
* * * * * * * * * * * * *   *
```

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 11, 2018, Amy Wyllis ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 182). On June 6, 2019, petitioner filed a Motion for Facilitator Fees ("Mot.") (ECF No. 196). This decision encompasses consideration of both motions.[2]   For the reasons discussed below, the undersigned **GRANTS** Petitioner's motions for attorneys' fees and costs and awards a total of **$53,167.97.**

### I.      Procedural History

On November 14, 2011, Petitioner filed a petition in the National Vaccine Injury

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] On June 18, 2019, the undersigned withdrew the Decision on Fees (ECF Nos. 192 & 195) and vacated the judgment entered on April 4, 2019 in accordance with Vaccine Rule 36 and RFC 60(a).

Compensation Program on behalf of her minor daughter, R.S.[3] Petitioner alleged that R.S. developed Guillain-Barré Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving an influenza vaccination on October 10, 2010. Petition at 1. On December 3, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 181.

On December 11, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Scott Rooney, in the total amount of $47,740.72, representing $32,279.00 in attorneys' fees and $15,461.72 in costs. Fees App. at 5-7. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 7. Respondent reacted to the fees motion on December 18, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 75).

On March 13, 2019, the undersigned issued an order requesting petitioner file supporting documentation supporting the requested attorneys' costs. Order (ECF No. 19, 2019). The Order specifically requested that petitioner's counsel submit documentation related to counsel's cost associated with obtaining medical records. *Id.* Petitioner submitted the requested documentation on March 29, 2019.

The undersigned issued a Decision on Attorney's Fes and Costs on April 3, 2019. Decision on Attorney's Fees and Costs (ECF No. 192). Judgement was entered after the parties jointly filed a Notice Not to Seek Review (ECF No. 193). Then on June 6, 2019, petitioner's counsel filed a Motion for Facilitator Fees, outside of the original attorneys' fees and costs request. (ECF No. 196). Petitioner requested $7,390.00 in fees from former Chief Special Master Golkiewicz's mediation services. Mot. at ¶¶ 8 & 10. The Motion states "Petitioner's counsel submitted the bill for costs at the time that the prior Petition was filed not realizing there was a separate statement for fees that had come through." *Id.* at ¶ 9. Respondent filed a response to petitioner's Motion, stating that respondent "defers to the Special Master's discretion to award the additional litigation costs requested." Respondent's Response (ECF No. 197).

On June 18, 2019, the undersigned withdrew the Decision on Attorney's Fees and Costs issued on April 3, 2019 and vacated the judgment entered the following day, on April 4, 2019.

The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded

---

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

As discussed briefly above, petitioner's counsel essentially submitted two separate petitions for attorneys' fees and costs.  *See* Fee App. & Mot. (ECF Nos. 182 & 196).  Counsel admits he was unaware that a separate statement for mediation fees had been transmitted by former Chief Special Master Golkiewicz.  Mot. at ¶ 8.  However, in the original fees and costs petition, counsel sought $971.00 for expenses associated with the mediation.  *See* Fee App. at Ex 2.  Counsel was clearly aware that there was *some cost* associated with mediation.

While the undersigned has taken the necessary action to correct counsel's avoidable error to circumvent an undue burden to counsel *in this case*, the undersigned directs counsel to the footnote that is at the bottom of every Decision on Attorney's Fees and Costs, stating,

> "This amount is intended to cover *all legal expenses incurred in this matter.*  This award encompasses all charges by the attorney against the client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) *prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.*"

Decision at n. 3.  Providing the court with accurate supporting documentation for attorney's fees and costs petitions is critical to ensuring timely and accurate awards, as well as, program integrity. Counsel should carefully review billing and costs logs for future attorneys' fees and costs requests to avoid delaying consideration of those requests and unnecessarily utilizing the court's limited resources to remedy easily avoidable errors.

### a.  Attorneys' Fees

Petitioner requests that her attorney, Mr. Scott Rooney, be compensated at a rate of $350.00 per hour for all work performed. Fees App. at 2. Although $350.00 per hour is a reasonable rate for Mr. Rooney's work in 2018, it exceeds what he has previously been awarded for work from 2014-2017. *See Thomas v. Sec'y of Health & Human Servs.*, No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018) (holding that $300.00 per hour is a reasonable rate for Mr. Rooney's work before 2018 and declining to retroactively raise his past rates); *Pusateri v. Sec'y of Health & Human Servs.*, No. 16-467V, 2019 WL 460158, at *1 (Fed. Cl. Spec. Mstr. Jan 9, 2019) (following the ruling in *Thomas* and noting that future fees applications from Mr. Rooney should submit billing logs that reflect an hourly rate of $300.00 per hour for work prior to 2018).

The undersigned agrees with the rulings in *Thomas* and *Pusateri* and will compensate Mr. Rooney at $300.00 per hour for all work performed prior to 2018. Because the billing records submitted indicate that Mr. Rooney performed 24.0 hours of work on this matter from 2016-2017, this results in a reduction of **$1,200.00**.

Upon review of the submitted billing statement, I find the overall hours spent on this matter (108.2) appear to be largely reasonable, with only minor reductions required. First, it appears as though there is a duplicate entry on 4/20/17, with Mr. Rooney billing 1.0 hour of work twice on that day with identical descriptions of the work. Fees App. at 19. Additionally, on 7/22/17, Mr. Rooney has four billing entries which all read "Filing" for 0.1 hours each despite the fact that nothing was filed in the case on that day (the entries do not describe the document which is claimed to be filed). Fees App. at 20. The total of these entries is 1.4 hours, resulting in a reduction of **$420.00**. Thus, the final amount of attorneys' fees awarded is **$30,659.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $22,851.72. The majority of this amount ($12,943.53) is for the preparation of a life care plan by Case Management Plus. Fees App. Ex. 2. I have reviewed the invoice and finds the time expended and the overall amount reasonable.

The remaining costs are for medical records, postage, and the services of former Chief Special Master Gary Golkiewicz in providing mediation.  The costs associated with obtaining medical records and postage are reasonable.

I also find that the costs for the services of former Chief Special Master Gary Golkiewicz in providing mediation reasonable.  Petitioner requests a total of $8,361.37.  The original fee request includes $971.87 for "Mediation Costs-Gary Golkiewicz" with a corresponding date of September 26, 2018. Fees App. Ex. 2 at 22.  This amount represents traveling expenses incurred by Special Master Golkiewicz.  The Motion for Facilitator Fees requests an additional $7,390.00 for mediation services.  Mot. Ex. 1 at 1.  The bill that is provide by Special Master Golkiewicz have dates that range from March 21, 2018 to May 25, 2018.  *Id.*  As such, the undersigned finds the total costs and expenses related to the services by Special Master Golkiewicz as reasonable.

The remaining costs, $342.75 is for "Fax/Scan." *Id.* at 14-16. Operating a fax machine is a cost better categorized as an overhead expense inherent to operating a law firm, and thus it is not compensable. *Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017).

Accordingly, Petitioner is awarded final attorneys' costs of **$21,537.60.**

4

III.     **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,279.00 |
| (Reduction of Fees) | - ($1,620.00) |
| **Total Attorneys' Fees Awarded** | **$30,659.00** |
| | |
| Attorneys' Costs Requested | $22,851.72 |
| (Reduction of Costs) | - ($342.75) |
| **Total Attorneys' Costs Awarded** | **$21,537.60** |
| | |
| **Total Attorneys' Fees and Costs** | **$53,167.97** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $53,167.97, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Scott Rooney.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).